## SCOTT v. MARIN.

Circuit Court of Appeals, Eighth Circuit.
November 10, 1927.

No. 7691.

Corporations ⬤⇒92, 110—Directors held without power to cancel stock issued and note given in payment (Rev. Code S. D. 1919, §§ 8777, 8789).

Under Rev. Code S. D. 1919, §§ 8777, 8789, which prohibit the directors of a corporation from withdrawing or paying to a stockholder any part of its capital stock, and authorizing purchase of its stock by the corporation by resolution or unanimous consent of the stockholders, directors of a corporation were without power to cancel stock issued to one of their number and the note given by him in payment therefor.

Appeal from the District Court of the United States for the District of Minnesota; Joseph W. Molyneaux, Judge.

Earl S. Scott, claiming as creditor of the Westbrook Tank Line Company, W. A. Marin, receiver, appeals from an order allowing a set-off against his claim. Affirmed.

Le Roy Bowen, of Minneapolis, Minn. (William M. Nash and Chester L. Nichols, both of Minneapolis, Minn., on the brief), for appellant.

E. Howard Morphy, of St. Paul, Minn. (John M. Bradford, Carl W. Cummins, Ray E. Cummins, and Samuel Lipschultz, all of St. Paul, Minn., on the brief), for appellee.

Before STONE, Circuit Judge, and REEVES and OTIS, District Judges.

STONE, Circuit Judge. May 23, 1923, the Westbrook Tank Line Company (a South Dakota corporation) went into receivership. A few months thereafter, appellant filed his claim therein as a creditor of the company. Thereafter the receiver answered, denying the claim and setting up that appellant was indebted to the company on a note for $100,-000, not then due, and prayed that this indebtedness be set off against any claim which appellant might establish. A master found $1,049.23 due appellant on his claim; also, that the sum of $85,000, with accrued interest, was due on the note of appellant and allowed this as a set-off. From an order sustaining the master, this appeal is brought.

The entire controversy here is over the set-off. Two questions are presented. The first is whether the indebtedness on the note exists; the second is whether, if it exists, it can be used as a set-off because it is an indebtedness not yet due.

I. In May, 1921, appellant was one of three directors in the corporation. At that time a meeting of the directors authorized the sale to him of $100,000, par value, of stock in return for his note for the same amount bearing 6 per cent. interest payable in ten years. The note was executed, credited in the proper books of the corporation as an asset and a stock certificate for 100,000 shares issued. This certificate was held by the corporation as collateral to the note. None of the parties questioned the validity of this transaction either in the trial court or here, so that it stands established that the appellant bought these shares of stock and paid for them with his note. A credit of $15,000, as commission, was allowed upon the note and no question has been raised as to the propriety of that credit.

September 3, 1921, a directors' meeting passed a resolution undertaking to cancel this stock and, because the note had been lost, to declare the note canceled. The question whether the note is valid and an indebtedness thereon now exists, depends upon the validity of this action of the board of directors on September 3d. The statutes of South Dakota provide as follows:

The directors of any corporation must not make dividends except from the surplus profit arising from the business thereof; nor must they divide, withdraw or pay to the stockholders, or any of them, any part of the capital stock; * * * or reduce or increase the capital stock, except as specifically provided by law for a violation of the provisions of this section, the directors under whose administration the same may have happened, except those who may have caused their dissent therefrom to be entered at large on the minutes of the directors at the time, or were not present when the same did happen, are, in their individual and private capacity, jointly and severally liable to the corporation, and to the creditors thereof." Section 8789.

"A corporation may, out of its surplus funds, by resolution of its stockholders or by their unanimous consent in writing, purchase, hold and transfer shares of its own stock in such manner, and for such price as may be by them agreed upon." Section 8777.

The laws of South Dakota govern the internal operations of corporations, like this, organized under the laws of that state. The above sections prohibit any withdrawal or payment to any of the stockholders from the capital stock and permit purchase of the corporate stock only by a resolution of the stockholders or by their unanimous consent in writing. Therefore, it is clear that these directors had no power to make such purchase or to cancel such stock at a directors' meeting. The result is that the attempted cancellation of the stock and of the note were ineffective because beyond the power of the board of directors at a meeting of the board and because not authorized by a resolution of the stockholders or by the unanimous consent thereof. Hence, the finding of the master and the court that the note was a valid existing obligation was correct.

II. Appellant contends that, even though this note might be valid, yet, under its terms, it would not be due until 1931, and, therefore, could not be used as a set-off to an indebtedness now due from the corporation to appellant. We think we need not determine this question for the following reasons. This note was made May 7, 1921, and bore 6 per cent. interest from that date. The order allowing this set-off and from which this appeal was taken was made September 23, 1926. Therefore, more than five years' interest was then due on the balance ($85,000) of the note, and none of this interest has been paid. Therefore, at the time this order was made, more than $25,000 in interest was due and then payable. This was an existing and due indebtedness which might properly be set off against the claim allowed appellant and was many times the amount of that claim.

As the receiver urged no counterclaim, but merely the right to set-off, and as the master and the court followed the same line, we think it is sufficient to affirm the order as made below. This will have the effect of canceling appellant's claim by a credit upon this indebtedness due from him.